**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOE REDNER,**

    **Plaintiff,**

v.                                                **Case No.  8:05-cv-2061-T-30MAP**

**HILLSBOROUGH COUNTY,**
**FLORIDA, etc., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Individually Sued Defendants' Motion to Dismiss Amended Complaint With Memorandum of Law In Support (Dkt. 14), Plaintiff's Response in Opposition (Dkt. 27), Defendant Hillsborough County's Motion to Dismiss Amended Complaint (Dkt. 16) and Plaintiff's Response in Opposition to the same (Dkt. 26).

### FACTUAL BACKGROUND

During June 2005, which, according to the complaint[1] is recognized as Gay Pride Month, a Gay Pride display was placed at the West Gate Regional Library.[2] The display was designed for a young adult audience and featured young adult books written by gay authors

---

[1] For purposes of a Motion to Dismiss this Court is required to accept the allegations of the Complaint as true. Therefore, the factual background is taken from those allegations. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Scheauer v. Rhodes, 416 U.S. 232 (1974).

[2] The display was created by a University of South Florida Library Science graduate student for a Multicultural Materials for Children and Young Adults course.

or featuring Gay, Lesbian, Bisexual, Transgender, Queer and Questioning themes. The display was originally placed at the main entrance of the library, but due to complaints, it was removed. A smaller display was later created and relocated in the adult fiction section of the library.

Upon hearing of the Gay Pride Month display, Commissioner Rhonda Storms verbally expressed her disagreement with the content of the display and during a Board meeting, made a motion for Hillsborough County to adopt a policy wherein it would abstain from promoting or participating in gay pride recognition and events. Although faced with much opposition from the citizenry, Commissioner Storms' motion was approved by all but one of the Commissioners. The policy as approved states:

> Hillsborough County Government abstains from acknowledging, promoting, and participating in gay pride recognition and events.

(Dkt. 9 at 6).

Plaintiff, a resident of Hillsborough County and a homosexual, subsequently filed a Complaint against Hillsborough County Commissioners, individually, and the Hillsborough County Commission alleging Defendant's policy violated his Constitutional rights. Upon Defendants' filing of a Motion to Dismiss, Plaintiff filed a four count Amended Complaint wherein he alleged: (1) Defendants' policy is facially unconstitutional because it violates Plaintiff's due process rights to equal protection; (2) Defendants' policy is unconstitutional in its application because it is being used to censor and violates the First Amendment; (3) the commissioners individually are liable because they knowingly enacted a policy that was

unconstitutional on its face and it its application; and (4) Defendants' policy and its application violate the establishment clause of the First Amendment.

Defendants' filed Motions to Dismiss arguing (1) the County Commissioners could not be sued in their individual capacity for legislative actions; (2) Plaintiff lacks standing to bring his claims; and (3) the speech at issue is government speech and thus can be regulated by the government.

## DISCUSSION

### A.   Motion to Dismiss Standard.

A complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations." Florida Family Ass'n, Inc. v. School Board of Hillsborough County, 2006 WL 1063738 at 1 (M.D. Fla. 2006) (citing Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986)).

### B.   The Commissioner Defendants' Motion to Dismiss.

In the Commissioner Defendants' Motion to Dismiss (Dkt. 14), the Commissioners argue that because Plaintiff's suit against them individually stems from actions they took in their official capacity as County Commissioner, i.e. voting for the contested policy, the doctrine of legislative immunity attaches and protects them from suit (Dkt. 14 at 9). This

Court agrees. See Bogan v. Scott-Harris, 523 U.S. 44, 55 (1998). As such, the Individually Sued Defendants' Motion to Dismiss Amended Complaint (Dkt. 14) is **GRANTED**.

### C.   Hillsborough County Commission's Motion to Dismiss.

In the County's Motion to Dismiss, it presents two arguments in support of its Motion: First, that Plaintiff lacks standing to pursue his claims; and Second, the policy affects governmental speech and the government can choose what it says and what it will not say.

### *1.   Standing.*

The County argues that Plaintiff's claims should be dismissed because Plaintiff lacks standing to sue. Standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 499 (1975). "A plaintiff who invokes the jurisdiction of a federal court bears the burden to show "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." See Camp Legal Defense Fund, Inc. v. City of Atlanta , 2006 WL 1623279 at 7 (11th Cir. 2006) (citing Granite State Outdoor Adver., Inc. v. City of Clearwater, 351 F.3d 1112, 1116 (11th Cir.2003)).

According to the County, in order to establish standing, Plaintiff had to "allege such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional issues." (Dkt. 16 at 3) (citing Baker v. Carr, 369 U.S. 186, 204 (1962)). In the County's view, the harm of which Plaintiff complains is a

generalized grievance that others who desired to see the Gay Pride Month display have, not an individualized harm, and in order to establish standing based on an individualized harm, Plaintiff had to allege he personally was injured. See Warth v. Seldin, 422 U.S. 490, 502 (1975).  The County argues that Plaintiff has failed to allege he was personally injured and thus lacks standing to pursue his claims.  In support of this contention, the County identifies Plaintiff's allegation that the policy prevented him from seeing the library display in June 2005.  However, according to the County, this complaint alone does not distinguish him from any other citizen who did not have an opportunity to view the library display.

In reviewing the allegations of the Amended Complaint, it appears to this Court Plaintiff allegations are sufficient to withstand a Motion to Dismiss based on standing only as to his Equal Protection Claims as Plaintiff has alleged he is a homosexual (Dkt. 9 at ¶ 2), and that Defendant's policy treats gays differently in that its purpose is to disadvantage homosexuals. (Dkt. 9 at ¶¶ 36-37).  As such, Plaintiff has alleged sufficient facts to establish standing as to his Equal Protection claim. Conversely, while Plaintiff has alleged in the Amended Complaint that Defendant's policy burdens his First Amendment right to receive the information contained in the Gay Pride Month display (Dkt. 9 at ¶ 26), at no point in the Amended Complaint has he alleged that he visited the library with the intent to view the display and was unable to do so as a result of the County's policy.  What Plaintiff does allege is that he became aware of the display **after** reading an article discussing the display's removal and that he "would have liked to visit them." (Dkt. 9 at ¶ 12).  As the Amended Complaint stands, Plaintiff has not alleged he suffered an individual harm and thus has failed

to establish standing as to his First Amendment claims. Accordingly, Defendant's Motion to Dismiss as to Counts II and IV is **GRANTED.**

> 2.   *Count I - Equal Protection.*

Plaintiff alleges in Count I of his Amended Complaint that the County's policy treats gays differently and disadvantages homosexuals (Dkt. 9 at ¶¶ 36-37). Plaintiff further alleges that the policy, in its application, "burdens Plaintiff's and others similarly situated First Amendment rights." Id. at ¶ 37. While the allegations in the Amended Complaint appear to limit Plaintiff's Equal Protection claim to those situations where homosexuals desire to exercise their First Amendment rights in Hillsborough County, the guaranty of 'equal protection of the laws is a pledge of the protection of equal laws," See Romer v. Evans, 517 U.S. 620, 633 (1995), not just those laws delineated in the First Amendment.

In Romer, the Supreme Court addressed the issue of whether an injunction enjoining enforcement of an amendment to the Colorado state constitution which prohibited all legislative, executive or judicial action at any level of state or local government designed to help homosexual persons was properly entered. Romer, 517 U.S. at 624. In affirming the lower court's entry of the injunction, the Court found that the amendment, "identifie[d] persons by a single trait and denie[d] them protection across the board," Id. at 633; "[i]t is not within our constitutional tradition to enact laws of this sort." Id. The Court continued, opining:

> Central both to the idea of the rule of law and to our own Constitution's guarantee of equal protection is the principal that government and each of its parts remain open on impartial terms to all who seek its assistance. 'Equal protection of the laws is not achieved through indiscriminate imposition of inequalities.'
>
> . . .
>
> A law declaring that in general it shall be more difficult for one group of citizens than for all others to seek aid from the government is itself a denial of equal protection of the laws in the most literal sense
>
> . . .
>
> [L]aws of the kind now before us raise the inevitable inference that the disadvantage imposed is born of animosity toward the class of persons affected. '[I]f the constitutional conception of 'equal protection of the laws' means anything, it must at the very least mean that a bare . . . desire to harm a politically unpopular group cannot constitute a *legitimate* governmental interest.

Id. at 633-43 (citations omitted) (emphasis in original).

Similar to the amendment in Romer, the County's policy, on its face, appears to disadvantage homosexuals based solely on their classification, disadvantages that are not merely incidental. The disadvantage is not solely in limiting or burdening homosexuals' First Amendment rights, as alleged by Plaintiff, but may extend much farther. "A law declaring that in general it shall be more difficult for one group of citizens than for all others to seek aid from the government is itself a denial of equal protection of the laws in the most literal sense." Romer, 517 U.S. at 633.

While Plaintiff, has seemingly limited his Equal Protection claim to his First Amendment rights, something this Court is not entirely sure was intended, he has failed to

allege in his Amended Complaint how <u>his</u> First Amendment rights have been burdened. See Footnote 1, *supra*. In light of the allegations in Plaintiff's Amended Complaint, this Court finds that the County's Motion to Dismiss as to Count I should be **GRANTED**, but Plaintiff should have the opportunity to amend the Amended Complaint to better describe his Equal Protection claims concerning the First Amendment and any other claimed loss under <u>Romer</u>.[3]

It is therefore ORDERED AND ADJUDGED that:

1. The Individually Sued Defendants' Motion to Dismiss Amended Complaint With Memorandum of Law In Support (Dkt. 14) is **GRANTED**. Plaintiff's Complaint as to these Defendants is **DISMISSED WITH PREJUDICE.**

2. Defendant Hillsborough County's Motion to Dismiss Amended Complaint (Dkt. 16) is **GRANTED**.

3. Plaintiff has **TWENTY (20) DAYS** from the date of this Order in which to file and serve his Second Amended Complaint as detailed above.

**DONE** and **ORDERED** in Tampa, Florida on July 20, 2006.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-2061 -Motion to Dismiss.frm

---

[3] Plaintiff is directed to describe in his Second Amended Complaint how the County's policy would make it "more difficult for one group of citizens than for all others to seek aid from the government." <u>Romer</u>, 517 U.S. at 633-43 (citations omitted).